IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-63,834-01






EX PARTE JACKIE LEON TEAGUE, SR., Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. F38259 (COUNTS 1, 2) IN THE 249TH JUDICIAL DISTRICT COURT

FROM JOHNSON COUNTY




 Per curiam.


 O R D E R


 This is an application for a writ of habeas corpus which was transmitted to this Court
by the clerk of the trial court pursuant to the provisions of Tex. Code Crim. Proc. art 11.07. 
Applicant was convicted of possession of a controlled substance with intent to deliver and
possession of a firearm by a felon, and punishment was assessed at ninety-nine (99) years'
confinement. Applicant's appeal was dismissed for want of jurisdiction. Teague v. State,
No. 10-0500306-CR (Tex. App. -- Waco, delivered, September 14, 2005, no pet.).

 Applicant contends that he was denied his right to appeal when trial counsel failed to
file a notice of appeal as Applicant had requested.

 The trial court has entered an order concluding "that there are no controverted,
previously unresolved issues of fact material to the legality of the Applicant's confinement.
. . ." However, we disagree. Applicant has stated facts requiring resolution. Because this
Court cannot hear evidence, it is necessary for the matter to be remanded to the trial court for
resolution. The trial court shall resolve the factual issues as set out in Tex. Code Crim.
Proc. art 11.07, § 3 (d), in that it may order affidavits, depositions, or interrogatories from
defense counsel, or it may hold a hearing. In the appropriate case, the trial court may rely on
personal recollection and court records.

 If the trial court elects to hold a hearing, the court should first decide whether
Applicant is indigent. If the court finds that Applicant is indigent and Applicant desires to
be represented by counsel, the trial court will then, pursuant to the provisions of Tex. Code
Crim. Proc. art. 26.04, appoint an attorney to represent him at the hearing.

 Following receipt of additional information, the trial court shall make findings of fact
as to whether Applicant timely requested that trial counsel file a notice of appeal, whether
such notice was timely filed, and when, if ever, Applicant first learned that such notice had
not been timely filed. The trial court shall also make any further findings of fact and
conclusions of law it deems relevant and appropriate to the disposition of the application for
writ of habeas corpus.

 The trial court shall supplement the habeas record with copies of all documents upon
which its findings are based, including copies of the indictment, judgment, excerpts of the
trial transcript, affidavits from counsel, and any other relevant documents.

 Because this Court does not hear evidence, Ex Parte Rodriguez, 169 Tex.Cr.R. 367,
334 S.W.2d 294 (Tex. Crim. App. 1960), this application for a post-conviction writ of habeas
corpus will be held in abeyance pending the trial court's compliance with this order. The
trial court shall resolve the issues presented within ninety (90) days of the date of this order. (1) 
A supplemental transcript containing all affidavits, the transcription of the court reporter's
notes from any interrogatories or hearings held, along with the trial court's findings of fact
and conclusions of law, shall be returned to this Court within one hundred twenty (120) days
of the date of this order. (2)


 IT IS SO ORDERED THIS THE FIRST DAY OF FEBRUARY, 2006.





EN BANC

DO NOT PUBLISH 
1. In the event any continuances are granted, copies of the order granting the continuance
should be provided to this Court.
2. Any extensions of this time period should be obtained from this Court.